## TOBIN v. ARONOW.

### Civ. A. No. 267.

United States District Court
D. Montana. Great Falls Division.
Jan. 22, 1951.

280

Kenneth C. Robertson, Regional Atty., George Duemler, Karl M. Rodman, Attys., Altero D'Agostini, Asst. Atty., U. S. Dept. of Labor, all of San Francisco, Cal. (William S. Tyson, Sol., and John J. Babe, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., on the brief), for plaintiff.

Louis P. Donovan, Cedor B. Aronow, Shelby, Mont., for defendant.

PRAY, Chief Judge.

The foregoing title of said cause No. 267 has been substituted for that of L. Metcalfe Walling, Administrator, etc., Plaintiff v. Boris A. S. Aronow, Defendant; the change of title occurred through motions duly made and heard, and pursuant to orders of court entered in said cause. The following decision was prepared and ready for filing at the time information was received of the death of Boris A. S. Aronow, the defendant therein.

This proceeding is based upon an application for adjudication in contempt commenced by the Administrator of the Wage and Hour Division of the United States Department of Labor, and seeks to adjudge the defendant guilty of civil contempt for violating the final judgment of this court of August 11th, 1942, and the principal purpose of the proceeding is to enjoin and restrain the defendant from violating the overtime, shipping and record-keeping requirements of the Fair Labor Standards Act of 1938, Act of June 25, 1938, C. 676, 52 Stat. 1060, U.S.C.A. Title 29, Sec. 201 et seq.

The application further requests the court to require the defendant to pay certain employees therein named the statutory overtime wages which the aforesaid judgment required him to pay, and which it is alleged he failed and refused to pay, in violation of the judgment.

Plaintiff also seeks recovery from the defendant of the costs and expense of inspections and proceedings supplementary thereto which it is alleged were necessarily undertaken to establish proof of defendant's violations of the judgment aforesaid, and for costs of the proceeding.

In substance, the defendant alleges that ever since the entry of the aforesaid judgment he has endeavord in good faith to comply with each and all of the terms thereof, and states that if there was any act or omission on his part contrary to the provisions of the judgment it was in good faith, and that he had reasonable grounds for believing that such act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, or the terms or conditions of said judgment.

On information and belief the defendant further states that the above court is without jurisdiction to determine the rights of defendant's employees, or what amount of money, if any, is payable to them, for the

reason that such employees are not a party to this proceeding, and plaintiff has no authority to recover money for or on behalf of such employees, or obtain an adjudication of their alleged rights, and that the court has no jurisdiction over Superior Petroleum Company, a corporation, for the reason that it was not made a party to this action or proceeding. Defendant prays that the proceeding be dismissed and that he be allowed to recover his costs herein.

■ This cause was tried to the court, and submitted for decision on briefs of counsel. The record is quite voluminous, as are the briefs of counsel for the respective parties, and the court has endeavored to examine the proof with care and likewise the authorities that appeared to have relation to the issues. As it appears to the court, the Government will be required to carry the burden of proof, and that something more than a bare preponderance is necessary; in other words, a degree of certainty must be established which leaves no fair ground of doubt. Clear and convincing proof which satisfies the court would seem to be necessary.

■ Taking into account the evidence and definition of the word "employer", the court will hold that the defendant was the employer of the employees of the Superior Petroleum Company for the purposes of this proceeding, and that defendant's employees were engaged in the production of goods for interstate commerce. Section 3(d) of the Act. Dolan v. Day & Zimmerman, Inc. (Martin v. Day & Zimmerman, Inc.) D. C., 65 F. Supp. 923, 928; Walling v. Home Loose Leaf Tobacco Warehouse Co., Inc., D. C., 51 F.Supp. 914. There seems to be no question that the court has the authority to determine and adjudicate the rights of the employees aforesaid in this proceeding.

The plaintiff contends that the defendant established a salary basis for his employees for overtime work weeks and not at the hourly rates assigned them, and that consequently they, the employees, are not being paid overtime compensation as required by the Act. As an illustration, counsel assert that some of the employees entered into written contracts providing for an hourly rate for the first 40 hours and an overtime rate for hours in excess of 40 at a rate not less than one and one-half times the hourly rate, with the provision that the employee would receive not less than a guaranteed sum each week. The employees were required to sign these contracts.

Plaintiff contends that it appears from the payroll records that employees who entered into such contracts worked 56 hours a week and invariably received the same weekly wage. Considering the business in which these employees were engaged the law provides, Section 7(a) of the Act, that no employer shall employ any of his employees for a work week longer than 40 hours without awarding compensation for his services in excess of the aforesaid number of hours at a rate not less than one and one-half times the regular rate at which he is employed.

It would seem that the contracts in question are much like the contracts that were held to be a compliance with Section 7, aforesaid, in Walling v. A. H. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716, and Walling v. Halliburton Oil Well Cementing Co., 331 U.S. 17, 67 S.Ct. 1056, 91 L.Ed. 1312. Counsel for plaintiff describes these authorities as narrow precedents of limited application, and that "the doctrine of the Belo case applies only in exceptional situations substantially identical to the Belo factual situation." That there was evidence in those cases that the stipulated hourly rate, and not the weekly guarantee, actually determined the compensation paid to the employees, and reference was made to a recent decision based on this principle, to-wit: McComb v. Sterling Ice & Cold Storage Co., 10 Cir., 165 F.2d 265. That in this case the wording of the contract was very much like the language of the contract in the Belo case, and that the court held it invalid because the stipulated hourly

rate was fictitious, in this, that the weekly guarantee and not the hourly rate determined the weekly wages paid to employees for such hours as they actually worked.

Plaintiff claims that at no time did defendant pay more or less than the weekly guarantee provided in the contract, and that according to the records his pumpers never worked a sufficient number of hours to earn more than the guarantee, and that it is a fact that the employees never actually received more than the weekly guarantee, which shows the lack of a reasonable relationship between the hourly rate and the weekly guarantee. After an extended argument plaintiff concludes that the salary guarantee was the real measure of compensation and the stipulated hourly rate was not intended to be effective, and, furthermore, that the records of employment were inaccurate.

The defendant testified that he believed the contracts were valid under the wage and hour law, although the investigator told him they were not; the defendant took the word of his counsel rather than that of the investigator; he had the assistance of able counsel and an expert public accountant of wide experience to advise him, and, under all the circumstances, the court has been unable to find that defendant was not acting in good faith in following their advise and the course they outlined and approved.

However, under some of the decisions cited good faith and good intentions on the part of the employer will not relieve him from failure to pay overtime wages to his employees and from a consideration of the evidence, briefs of counsel and authorities, the court is of the opinion that the allegations of the aforesaid application have been sustained by proof that is clear and convincing, and that Sections 7 and 15(a) (1) have been violated, and that plaintiff is entitled to an adjudication in contempt, to include expenses of inspections and proceedings supplementary thereto, all unpaid statutory overtime wages, and the usual costs of the proceeding.

There has been no computation of overtime wages due employees but such sums might be ascertained and agreed upon by stipulation of counsel, otherwise the services of a special master will be required to furnish the court with a statement of the overtime wages due the respective employees of the defendant, as hereinbefore determined by the court. At the proper time, findings of fact and conclusions of law and form of judgment may be submitted by counsel in conformity with the decision herein.